Amy L. B. Ginsburg (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 215-540-8817
aginsburg@creditlaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHRISTOPHER ROBINSON**,<br><br>Plaintiff,<br>v.<br><br>**DIVERSIFIED CONSULTANTS, INC.**,<br><br>Defendant. | ) **Case No.:**<br>)<br>) **COMPLAINT FOR DAMAGES**<br>) **1. VIOLATION OF THE FAIR**<br>) **DEBT COLLECTION PRACTICES**<br>) **ACT, 15 U.S.C. §1692 ET. SEQ.;**<br>) **2. VIOLATION OF THE**<br>) **ROSENTHAL FAIR DEBT**<br>) **COLLECTION PRACTICES ACT,**<br>) **CAL. CIV. CODE §1788 ET. SEQ.**<br>) **3. VIOLATION OF THE**<br>) **TELEPHONE CONSUMER**<br>) **PROTECTION ACT, 47 U.S.C. §227**<br>) **ET. SEQ.**<br>)<br>) **JURY TRIAL DEMANDED** |

## <u>COMPLAINT</u>

CHRISTOPHER ROBINSON ("Plaintiff"), by and through his counsel, Kimmel & Silverman, P.C., alleges the following against DIVERSIFIED CONSULTANTS, INC. ("Defendant"):

- 1 -

**INTRODUCTION**

1.    This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq.* ("RFDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.* ("TCPA").

**JURISDICTION AND VENUE**

2.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.    Defendant regularly conducts business in the State of California, therefore personal jurisdiction is established.

4.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5.    Plaintiff is a natural person residing in Dana Point, California 92629.

6.    Plaintiff is a "consumer" as that term is defined by 15 U.S.C.

§1692a(3) and is a "debtor" as defined by Cal. Civ. Code §1788.2(h).

7.      Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

8.      Defendant is a corporation with its principal place of business located at 10550 Deerwood Park Blvd, St. 309, Jacksonville, Florida 32256.

9.      Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and RFDCPA, Cal. Civ. Code §1788.2(c), and contacted Plaintiff in an attempt to collect a debt.

10.     Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

11.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12.     Beginning in or around August 2016 and continuing through March 2017, Defendant's collectors placed repeated harassing telephone calls to Plaintiff's cellular telephone number in its attempts to collect an alleged consumer debt that was incurred primarily for personal, family, or household purposes.

13.     Defendant contacted Plaintiff from phone numbers including, but not limited to the following: (949) 447-2937 and (949) 447-2911. The undersigned has confirmed that these telephone numbers belong to Defendant.

14.     Plaintiff told Defendant in or around August 2016 to stop calling him.

15.     Rather than stopping calls as requested by Plaintiff, Defendant continued to call him for several months.

16.     Once Defendant was told the calls were unwanted and to stop, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

17.     Further, any continued calls could only have been placed to Plaintiff for the purpose of harassing him.

18.     When contacting Plaintiff during this time, Defendant used an automatic telephone dialing system and/or pre-recorded or automated voice.

19.     Plaintiff knew that Defendant was using an automatic telephone dialing system and/or pre-recorded or automated voice as calls would begin with a pre-recorded message before he would be transferred to a live caller.

20.     Defendant's calls were not placed for emergency purposes.

21.     During this time, Plaintiff received calls on occasion prior to 8am and after 9pm.

22.     Defendant also threatened during these calls to call the police and/or sue him for this debt.

23.     Defendant's repetitive calls were aggravating, annoying and overwhelming for Plaintiff, and he proceeded to download an application to his cellular telephone in order to block Defendant's calls.

## COUNT I
## DEFENDANT VIOLATED §§ 1692d and d(5) OF THE FDCPA

24.      A debt collector violates § 1692d of the FDCPA  by engaging in conduct of the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt

25.     A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

26.     Defendant violated §§1692d and d(5) when it placed repeated harassing telephone calls to Plaintiff and continued to call knowing its calls were unwanted.

## COUNT II
## DEFENDANT VIOLATED § 1692c(a)(1) OF THE FDCPA

27.     A debt collector violates § 1692c(a)(1) if without the prior consent of the consumer given directly to the debt collector or the express permission of a

court of competent jurisdiction, it contacts a consumer at an unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.

28.     Defendant violated § 1692c(a)(1) when it contacted Plaintiff before 8am and after 9pm.

## COUNT III
## DEFENDANT VIOLATED §§ 1692e, e(5) AND 1692e(10) OF THE FDCPA

29.     A debt collector violates § 1692e by using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

30.     A debt collector violates § 1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken

31.     A debt collector violates § 1692e(10) by use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

32.     Defendant violated §§ 1692e, 1692e(5) and 1692e(10) when it threatened to take legal action against Plaintiff and to call the police without the intention to take such actions and without the ability to take such action.

- 6 -

**COUNT IV**
**DEFENDANT VIOLATED § 1692e(7) OF THE FDCPA**

33.     A debt collector violates § 1692e(7) by falsely representing or implying that the consumer committed any crime or other conduct in order to disgrace the consumer.

34.     Defendant violated § 1692e(7) when it told Plaintiff it would call the police.

**COUNT V**
**DEFENDANT VIOLATED THE**
**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

35.     Section 1788.17 of the California Civil Code mandates that every debt collector attempting to collect a consumer debt shall comply with § 1692b through § 1692j of the FDCPA.

36.     Defendant violated Cal. Civ. Code § 1788.17, when it violated the FDCPA for the reasons set forth in this Complaint.

**COUNT VI**
**DEFENDANT VIOLATED THE TELEPHONE CONSUMER**
**PROTECTION ACT**

37.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

38.     Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone number.

39.     Defendant's initiated these automated calls to Plaintiff using an automatic telephone dialing system.

40.     Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone.

41.     Under § 227(b)(3)(A) of the TCPA, a person or entity may bring a private cause of action in an appropriate court based on a violation of the TCPA or the regulations prescribed under the TCPA to enjoin such violation.

42.     Under § 227(b)(3)(B) of the TCPA, a person or entity may bring a private cause of action in an appropriate court "to recover for actual  monetary loss from such a violation, or to receive $500 in damages for each such violation whichever is greater."

43.     Based upon the conduct of Defendant, Plaintiff avers that the enhancement of damages provided for by the TCPA allowing for Plaintiff to recover up to $1,500 per call/violation be applied to calls placed.

44.     Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone.

45.     Defendant's calls to Plaintiff's cellular telephone were not made with Plaintiff's prior express consent as he revoked in August 2016.

46.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

47.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

48.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages

WHEREFORE, Plaintiff, CHRISTOPHER ROBINSON, respectfully prays for judgment as follows:

    a.   All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b.   Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.   All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

PLAINTIFF'S COMPLAINT

d.  All actual damages, statutory damages, reasonable attorney's fees and costs, and any other litigation costs incurred by Plaintiff pursuant to the RFDCPA at Cal. Civ. Code § 1788.17;

e.  Statutory damages of $500.00 per telephone call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

f.  Statutory damages of up to $1,500 for each call in violation of the TCPA, pursuant to 47 U.S.C. §§ 227(c)(5)(B) and 227(c)(5)(C), which permits the Court in its discretion to award such damages if it finds that Defendant willfully or knowingly violated the TCPA; and

g.  Any other relief deemed appropriate by this Honorable Court.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, CHRISTOPER ROBINSON, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,
KIMMEL & SILVERMAN, P.C.

Date: June 9, 2017

By: /s/ Amy L. Bennecoff Ginsburg
Amy L. Bennecoff Ginsburg
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: aginsburg@creditlaw.com

PLAINTIFF'S COMPLAINT